**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

Case No. 03-10068-CIV-MOORE/WHITE

LARRY LEATHERWOOD,

      Plaintiff,

vs.

MONROE COUNTY SHERIFF'S OFFICE, et al.,

      Respondent.

_____/

**CLOSED
CIVIL
CASE**

## ORDER GRANTING MOTION TO DISMISS CONSTRUED AS MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon the Defendant John Gordon's Motion to Dismiss (DE # 185) construed as a Motion for Summary Judgment. Plaintiff never filed a Response to this Motion.

UPON CONSIDERATION of the Motion, and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    Background**

The instant action is a Pro Se civil rights claim brought under 42 U.S.C. § 1983. Larry Leatherwood ("Plaintiff") is now serving a life sentence in the Florida prison system after a murder conviction in Monroe County. Plaintiff claims that the Nurse John Gordon ("Defendant") intentionally gave him Sinequan, a psychotropic medication, under false pretense that it was stomach medication, causing injuries to the plaintiff.

Claims against Defendants other than Nurse John Gordon have been dismissed (Order of Partial Dismissal, DE # 22) or summary judgment has been granted in their favor (Order Adopting Magistrate's Report and Granting Summary Judgment, DE # 178 adopting DE # 173). The adopted Magistrate's Report stated that summary judgment should be granted against former defendant Dr.

Aguianda, but "the case [should] remain pending solely against the defendant Nurse John Gordon." (DE # 173 at 12). Subsequent to the filing of the Magistrate's Report, the Defendant Nurse John Gordon was served (DE # 177).

On October 27, 2006, Defendant Nurse John Gordon filed the instant Motion to Dismiss (DE # 185) arguing (1) that Plaintiff had not exhausted administrative remedies and was thus barred from bringing suit, and (2) that the record does not support a claim under §1983. With the Motion to Dismiss, Plaintiff filed medical records (DE # 185-2) which show that the Sinequan was ordered by Dr. Wolfe, but also showing that Plaintiff refused to let them administer the medication. Defendant asserts that Plaintiff was not given Sinequan and that is reflected by the notation on the record that he refused the medication. Def. Mot. at 7.

On November 9, 2006, Magistrate Judge Patrick A. White issued an Order of Instruction informing Plaintiff that the Motion to Dismiss would be treated by the Court as a Motion for Summary Judgment. (DE # 187 at 1). The order also instructed the Plaintiff to file a response to the Motion on or before November 27, 2006. (DE # 187 at 2–3). The order further warned Plaintiff that Rule 56(e) of the Federal Rules of Civil Procedure provides that when a defendant has filed a proper and supported motion for summary judgment, "[if [the plaintiff] does not [] respond, summary judgment, if appropriate, shall be entered against him." (DE # 187 at 2) (emphasis in order). On November 30, 2006, Defendant filed a motion for extension of time to file response (DE # 191). The Court granted an extension allowing Plaintiff until January 11, 2007 to file his response. (DE # 198). Plaintiff has filed nothing in this case since the November 30, 2006 motion. On April 3, 2007, Defendant filed a motion to dismiss for lack of prosecution (DE # 201) indicating that it had been over three months since Plaintiff had taken any action in the case. Plaintiff also failed to file a response to that motion to dismiss.

2

## II.    Discussion

The applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994).  The moving party has the burden of meeting this exacting standard.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  It is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  Id.

After the moving party has made its showing, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment.  Id.  The nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  And if the nonmoving party does not respond with specific facts showing a genuine issue, "summary judgment, if appropriate, shall be entered against him."

3

Fed. R. Civ. P. 56(e).

In this case, Defendant has made the appropriate showing in his Motion through the law cited and facts supported by the medical records and other information of record. The Court gave Plaintiff about two and a half months, from the time the Motion was filed, to timely respond and make his showing of specific facts as required by Rule 56(e). But Plaintiff had not filed a response almost six months after the Motion was filed. As required by Rule 56(e), the Plaintiff "may not rest upon the mere allegations or denials of his pleading." Fed. R. Civ. P. 56(e). The Court holds that summary judgment is warranted against Plaintiff. The Court also notes that dismissal of the Complaint would be appropriate based on Plaintiff's lack of prosecution.

**IV.    Conclusion**

For the reasons described above, it is

ORDERED AND ADJUDGED that Defendant John Gordon's Motion to Dismiss (DE # 185) construed as a Motion for Summary Judgment is GRANTED. The Clerk is instructed to CLOSE this case. All pending motions not otherwise ruled on are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of April, 2007

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    Larry Leatherwood, Pro Se
       DC#C-421149
       Everglades Correctional Institution
       P.O. Box 949000
       Miami, FL 33194-9000

       All counsel of record

       U.S. Magistrate Judge White

4